IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WHITNEY SIMMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 8:10-cv-00178-LSC-FG3 |
| vs. ) | |
| ) | ORDER |
| JP MORGAN CHASE BANK, N.A., ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on plaintiff's motion to compel discovery (Doc. 21) and defendant's response thereto (Doc. 24). Plaintiff has complied with the requirements of Fed. R. Civ. P. 37(a)(1) and NECivR 7.0.1(i). The court finds that the motion should be granted and that sanctions should be awarded against the defendant pursuant to Fed. R. Civ. P. 37.

### I. BACKGROUND

**A. Nature of the Case**

Defendant removed this action for breach of contract to federal court on May 6, 2010. The complaint alleges that, on or about June 22, 2007 plaintiff refinanced a mortgage loan from the defendant by executing and delivering to the defendant an adjustable rate note in the amount of $445,000 with an interest rate of 5.75%, subject to change in accordance with the note. The loan was secured by a deed of trust on plaintiff's residence in Fullerton, Orange County, California.

On or about October 24, 2008 plaintiff made a written request to the defendant that the loan be modified on the basis of hardship. The nature of plaintiff's hardship was a drastic decline in the real estate market, which reduced the market value of plaintiff's home to less than the principal balance of her indebtedness to the defendant.

Over the following months there were numerous communications between the plaintiff and agents of the defendant who had actual or apparent authority to grant plaintiff's request. Plaintiff alleges that the parties entered into an agreement in June 2009 reducing the interest rate, establishing an escrow account, adjusting plaintiff's monthly payments, and providing that the defendant would directly pay the real estate taxes and insurance on plaintiff's property. There was a three-month "trial period" consisting of July, August and September 2009. Plaintiff timely made the payments of for

the months of July, August, and September, 2009. Defendant accepted those payments, established the escrow account, and actually paid plaintiff's real estate taxes and insurance.

The modified payment arrangement made money available to plaintiff for other expenses. Relying on defendant's agreement to modify her loan, plaintiff spent $10,768 in August 2009 on home improvements and incurred a debt of $17,826.51 to purchase a new automobile.

By letter dated October 7, 2009, defendant informed the plaintiff that her loan would not be modified because her hardship was not permanent. Plaintiff alleges that the market value of her home still remains less than the principal balance of her indebtedness to the defendant. In addition, defendant was advised as of at least March 2009 that plaintiff's income would be reduced that year due to pregnancy and the birth of a child. At no time prior to the October 7, 2009 letter did the defendant inform the plaintiff that the nature of her hardship precluded a modification of the loan.

Plaintiff seeks, *inter alia*, special damages of $748,972 for breach of contract, in that the defendant refused to modify the mortgage loan as it had agreed to do. Relevant to this discovery dispute, defendant affirmatively alleged in its Answer (Doc. 8 at p.3) that its employees acted beyond their scope of employment, to the extent they acted without authority from defendant or in a manner inconsistent with defendant's policies.

### B. The Discovery Dispute

Plaintiff had served defendant with requests for admissions, written interrogatories, and request for production of documents while the case was pending in state court. The discovery requests are attached as an exhibit to the Notice of Removal. After removal, the parties agreed that the defendant need not respond to the requests until this court gave them permission to conduct discovery.

The parties filed their Rule 26(f) planning report on June 22, 2010, and an initial progression order was entered June 24, 2010, giving the parties permission to conduct discovery. Defendant was then granted an extension of time until and including August 18, 2010 in which to serve its responses to plaintiff's written discovery.

On August 18, 2010, defendant responded to approximately 20 requests for simple, rudimentary information with the remark: "Defendant will supplement this Answer as its investigation continues." No other information was provided in those instances. Defendant responded to at least six interrogatories with the boilerplate comment, "Objection, relevancy,

burdensome." Defendant objected to other requests as "vague" and "not reasonably calculated to lead to the discovery of admissible evidence."

In its response brief (Doc. 24), the defendant explains that it was unable to "fully respond" to plaintiffs' interrogatories and document requests "because its investigation of Plaintiff's claims continues," and because the defendant has "thousands of employees and multiple offices across the continents." Defendant states that, although it had asserted objections to various interrogatories and requests, "it intends to answer those interrogatories and requests, without waiving its objections, when it identifies persons with knowledge of Plaintiff's claims and documents responsive to Plaintiff's requests." (Doc. 24 at p. 2). Defendant anticipated it would take an additional 10 days (presumably from September 13, 2010, when defendant filed its response to plaintiff's discovery motion) to locate the necessary information. On the afternoon of October 20, 2010, the defendant filed a certificate of service (Doc. 26) stating that it served supplemental responses to plaintiff's interrogatories on that date.

## II. LEGAL ANALYSIS

Under Fed. R. Civ. P. 26(b)(1), the parties to a lawsuit may obtain "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Relevant information need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party. A request for discovery should be allowed 'unless it is clear that the information sought can have no possible bearing' on the claim or defense of a party." *Moses v. Halstead*, 236 F.R.D. 667, 671 (D. Kan. 2006) (footnotes omitted).

Pursuant to Rule 26(b)(2)(C), the court may limit discovery if the court determines that:

   (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

   (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

   (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.).

Fed. R. Civ. P. 26(b)(2)(C).

### A. Interrogatories and Requests for Production

The court has evaluated the plaintiff's discovery requests and the defendant's responses and/or objections in light of the claims and defenses asserted in the pleadings. Defendant's responses of "objection, relevancy, burdensome" are all overruled. The plaintiff has requested relevant information, tailored to the allegations made in her complaint. Although defendant complains generally that it cannot easily locate its records because it is a large international organization, the defendant has not demonstrated any undue burden associated with producing the requested information. Defendant's objections based on vagueness are overruled. The court also finds that defendant's answer to Interrogatory No. 16 is not responsive to the question asked.[1] Defendant's various objections purportedly based on attorney-client privilege or work product protection are overruled, without prejudice to defendant properly raising any such objections by using the procedure ordered in Paragraph 5 of the initial case progression order (Doc. 10).

The court finds that plaintiff's motion should be granted in its entirety as to Interrogatories Nos. 2d, 2e, 2f, 2g, 2h, 2k, 3a, 3b, 3c, 3d, 3e, 3f, 3g, 3h, 7a, 7b, 7c, 7d, 7e, 7f, 7g, 8a, 8b, 8c, 11, 12a, 12b, 12c, 13, and 16.

The court further finds that plaintiff's motion should be granted in its entirety as to Requests for Production Nos. 1, 3, 4, 5, 6 and 7.

### B. Requests for Admissions

Under Fed. R. Civ. P. 36(a)(1)(B), a party may serve on any other party a written request to admit the truth of any matters within the scope of Rule 26(b)(1) relating to the genuineness of any described documents. Thus, the defendant was asked to admit or deny that

> 18. Exhibit F (consisting of twenty pages) consists of true copies of emails either sent by the plaintiff to the defendant and received by the defendant, or sent by the defendant to the plaintiff. (Each email is on a separate page. If you admit some

---

[1] The interrogatory and Answer thereto state:
16. Please fully explain why the defendant paid real estate taxes and insurance premiums on plaintiff's home in Fullerton, California
ANSWER: Plaintiff made monthly payments to the defendant on the note of June 22, 2007, in the amount of $2,507.93 for the months of July, August, and September, 2009.
(Doc. 22-5 at p. 11).

and deny others, please specify by the page number of the exhibit and the date of the email what you are admitting and what you are denying).

Defendant did not object to this request, and instead responded: "Defendant admits that Exhibit F speaks for itself." This response evades the actual request, which pertains to the genuineness of the described documents, and does not state in detail why the defendant could not truthfully admit or deny the request. *See* Fed. R. Civ. P. 36(a)(4).

The court finds that defendant's response to Request for Admission No. 18 does not comply with the requirements of Fed. R. Civ. P. 36(a), and the request stands unanswered. The request for admission was not discussed in the defendant's response to this motion. Under the circumstances, the court believes it would be futile to order the defendant to serve an amended response to the request. Pursuant to Rule 36(a)(6), the court finds that the matter should be deemed admitted.

### C. Costs and Sanctions

Fed. R. Civ. P. 37(a)(5)(A) provides that if a motion to compel discovery is granted, or if discovery is provided after the motion is filed, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion ... to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The court must not order this payment if the movant did not attempt in good faith to obtain the discovery without court action; if the opposing party's nondisclosure, response, or objection was substantially justified; or if other circumstances make an award of expenses unjust.

Plaintiff has attempted in good faith to obtain the discovery without court action. The court finds that the defendant's nondisclosure, responses and objections were not substantially justified in this instance and plaintiff should be awarded reasonable expenses and attorney's fees incurred in making the motion to compel.

### III. ORDER

**IT IS ORDERED** that plaintiff's Motion to Compel (Doc. 21) is granted, as follows:

1. Defendant is given until the close of business on **November 5, 2010** to serve complete responses to all of the interrogatories and requests for production of documents which are the subject of plaintiff's Motion to Compel. The responses must be signed and must, in all respects, comply with the requirements of Fed. R. Civ. P. 33 and 34. Further, defendant's amended responses shall specifically state (a) whether responsive documents do or do not exist, (b) whether all responsive

documents have been produced after a diligent and good faith effort to locate and identify responsive materials, and (c) the method(s) or procedure(s) employed by the defendant to locate and retrieve the discovery materials.

2. Pursuant to Fed. R. Civ. P. 36(a)(6), plaintiff's Request for Admission No. 18 is deemed admitted.

3. Pursuant to Fed. R. Civ. P. 37(a), the plaintiff is awarded reasonable expenses and attorney's fees incurred in making the motion to compel. The parties shall be heard on the matter of costs and sanctions as follows:

    a. Plaintiff shall file a Motion for Attorney Fees, together with an affidavit attesting to the time and expenses incurred in preparing the instant motion to compel, on or before **November 15, 2010.**

    b. Defendant shall file and serve a response, if any, to plaintiff's motion for attorney's fees on or before **November 30, 2010**, at which time the issue of costs and sanctions will be deemed submitted and a written order entered.

**DATED October 21, 2010.**

                                    **BY THE COURT:**

                                    **s/ F.A. Gossett, III**
                                    **United States Magistrate Judge**